United States District Court
Southern District of Texas
**ENTERED**
April 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAM ALEXANDER PERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00281 |
| | § | |
| AUSTIN J HART, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

Plaintiff Adam Alexander Perry, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.E. 52). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

### I.  BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is housed at the Clements Unit in Amarillo, Texas. Plaintiff's allegations in this case arise in connection with his previous housing assignment at the McConnell Unit in Beeville, Texas.

Plaintiff filed this prisoner civil rights action against Defendants Austin J. Hart and Alvaro J. Banda (collectively "Defendants"), who work as officers at the McConnell Unit. (D.E. 1, pp. 1, 3). Plaintiff claimed that, on February 11, 2020, Defendants used excessive force in violation of his Eighth Amendment rights when they pushed Plaintiff into a wall at the McConnell Unit. (*Id.* at 4). Plaintiff alleged that, as a result of Defendants' use of force, he received five stitches for his busted and swollen left eyebrow. (*Id.*). Plaintiff sought compensatory damages for pain and suffering. (*Id.*).

On November 29, 2021, the undersigned ordered service of Plaintiff's complaint on Defendants. (D.E. 7). On August 16, 2022, Defendants filed their Motion for Summary Judgment. (D.E. 28). On October 13, 2022, Plaintiff filed a Motion for Injunction and Temporary Restraining Order ("TRO"). (D.E. 33).

On March 20, 2023, District Judge Nelva Gonzales Ramos entered an Order granting Defendants' summary judgment motion in its entirety and denying Plaintiff's motion for preliminary injunctive relief. (D.E. 49). On March 21, 2023, District Judge Ramos entered a Final Judgment dismissing this action with prejudice. (D.E. 50).

## II.   DISCUSSION

A motion which attacks a final judgment is treated either as a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). On April 17, 2023, the Court received Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment. (D.E. 50).

Inmate *pro se* filings are deemed filed at the time they are deposited into the prison mail system for mailing. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). While Plaintiff's post-judgment motion is dated April 6, 2023 (D.E. 52, p. 2), he did not provide a signed statement verifying he deposited his motion in the prison mailbox system on that day. Nevertheless, the Court received Plaintiff's motion on April 17, 2023, within twenty-eight (28) days of the entry date of the Final Judgment. It is, therefore, properly construed as a motion arising under Rule 59(e).

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. at 478-79. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Id.* at 479.

In determining whether Defendants used excessive force on Plaintiff in connection with an incident occurring on February 11, 2020, District Judge Ramos considered the five factors set forth by the Supreme Court in *Hudson v. McMillian*, 503 U.S. 1, 7 (1993). (D.E. 49, pp. 17-24). The Court found that the majority of the five factors weighed in favor of Defendants. (*Id.* at 24). Based on its review of the competent summary judgment evidence

presented, including the video of the use of force, District Judge Ramos concluded that such evidence did "not show that Defendants acted maliciously or sadistically for the purpose of causing harm[,]" in violation of the Eighth Amendment (*Id.*). Overall, the Court concluded that Defendants were entitled to qualified immunity and summary judgment because no genuine issues of material facts existed as to whether: (1) Plaintiff could state an Eighth Amendment claim; or (2) Defendants' use of force was objectively unreasonable in light of clearly established law. (D.E. 49).

In his Rule 59(e) motion, Plaintiff challenges the Court's conclusion that Defendants were entitled to summary judgment on his Eighth Amendment claim, claiming that Defendants' use of force was in fact malicious and sadistic. (D.E. 52, pp. 1-4). Plaintiff primarily complains that the use of force was excessive based on evidence establishing he was in restraints at the time the use of force was applied and the fact he suffered an eye injury. (*Id.* at 2, 4). Plaintiff also has submitted two pages from his medical records and eight pages from the Use of Force Report, which had previously been submitted by Defendants in support of their summary judgment motion. (D.E. 51).

Plaintiff's arguments impermissibly seek to rehash evidence and present arguments either previously rejected by the Court or ones that could have been offered before the entry of the Final Judgment. *See Templet,* 367 F.3d at 478-79. When considering each of the five *Hudson* factors, District Judge Ramos already determined that Plaintiff had suffered more than a *de minimis* injury and recognized that Plaintiff's hands and legs were restrained at the time of the use of force. (D.E. 49, pp. 18-19, 21). Plaintiff otherwise fails to present

any argument or point to evidence sufficient to show that the majority of the five *Hudson* factors should instead weigh in his favor and not Defendants' favor.

Furthermore, Plaintiff neither references the video of the use of force nor attempts to explain how the video depicts Defendants as employing excessive force. Citing *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016), District Judge Ramos recognized in the March 20 Order that courts should afford "greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." (D.E. 49, p. 11). Overall, Plaintiff fails to show to show that the Court committed a manifest error of law or fact when concluding that Defendants were entitled to qualified immunity and summary judgment as to Plaintiff's excessive force claim.

### III.  RECOMMENDATION

For the foregoing reasons, Plaintiff cannot establish an entitlement to relief from the Court's Final Judgment under Rule 59(e). The undersigned respectfully recommends, therefore, that Plaintiff's Motion to Alter and Amend the Judgment (D.E. 52) be **DENIED**.

Respectfully submitted on April 26, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).